## TUFFREE v. BROCK et al.

### No. 14,882; January 21, 1893.

#### 31 Pac. 1134.

**Trust.**—Where, in an Action to Establish a Trust in lands, there is a substantial conflict in the evidence as to whether or not a certain person, one of defendants, in making a purchase of the lands, was the agent of plaintiff, a finding that he was not such agent will not be disturbed.

Trust—Action to Establish.—In Such Action a Witness Testified that after the purchase by such defendant the latter said he had paid a certain sum to bind the sale, and asked witness if he and a friend did not wish to take a part in it; that the next day they met at plaintiff's room, and heard that both made a claim to the land, and gave the idea up; that such defendant claimed the property for himself; and that afterward plaintiff claimed the property. Held, that it was not error to exclude evidence by such witness that he and his friend went to plaintiff's room for the purpose of acquiring an interest in the land from plaintiff on the assumption that he had an interest therein.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Action by J. K. Tuffree against Alvan D. Brock and others to establish a trust in certain lands to which defendants hold title. From a judgment for defendants, and from an order denying his motion for a new trial, plaintiff appeals. Affirmed.

Smith, Winder & Smith, J. W. Swanwick and A. W. Hutton for appellant; John D. Bicknell, Brosseau, Hatch & Thomas, H. H. Appel, E. L. Campbell and King & Staufley for respondents.

BELCHER, C.—The plaintiff brought this action to obtain a decree declaring that the defendant corporations hold the title to certain lands situate in the county of Los Angeles, and frequently spoken of in the record as "Timms' Point," in trust for him. It is alleged in the complaint that on and before June 9, 1887, one A. W. Timms was the owner of the lands in controversy in fee, and that shortly before that day plaintiff was desirous of purchasing the same, and employed as his agent for that purpose the defendant Brock, and advanced the money necessary for his expenses, or otherwise provided therefor, and sent him to San Pedro, the residence of Timms, for the purpose of effecting the purchase; that Brock, as such agent, accordingly entered into negotiations with Timms, and on June 9, 1887, consummated an agreement with him for the purchase of the property for the sum of $25,000—$100 payable in cash upon the execution of the contract, $9,900 payable on July 9, 1887, at which time the

deed was to be executed, and the balance to be secured by two promissory notes for $7,500 each, and a mortgage on the property, both notes bearing interest at the rate of ten per cent per annum, compounding semi-annually, if not paid, and one payable in one year and the other in two years after the date last mentioned; that Brock, for and on account of plaintiff, and with his moneys, paid to Timms the sum of $100 upon the contract, and though acting as the agent of plaintiff, and making the purchase for and upon his account he took the contract in his own name; that afterward the defendants Berner, Pearson, Stratton, Weller and Brock conceived the design of fraudulently obtaining the property under the contract, and repudiating the interest of plaintiff, and in pursuance thereof Brock executed assignments of interests in the contract to Stratton, Weller and others, but all of their interests were on or before July 9, 1887, vested in Berner, who on that day induced Timms to execute a deed of the lands to him, and to accept his notes and mortgage in pursuance of the contract; that Berner on the same day, for the purported consideration of one dollar, executed a deed of the property to Pearson; that Pearson afterward executed a deed for an undivided one-fifth of it to defendant Lafferty, and that Lafferty subsequently conveyed the said one-fifth interest to the defendant Davis; that on October 20, 1887, Pearson, Davis and Lafferty executed a deed of all the land to the defendant the San Pedro Harbor Dock and Land Association, and that this association, on April 23, 1888, executed to the defendant the Southern Pacific Railroad Extension Company a deed of two described portions of the land. It is further alleged that at and before the dates of all of the said conveyances the grantees therein had full and actual knowledge and notice of the facts before stated, and of the rights and interests of the plaintiff under the said contract; and also that plaintiff is ready, able, and willing, and offers to pay to the defendants, or such of them as may be entitled thereto, the money paid by them or by Berner as the consideration of a deed to him, and also to pay the amount of money secured by the said notes and mortgage when the same become due. The defendants, by their answers, denied substantially all the averments of the complaint. After trial the court found upon all the issues in

favor of the defendants, and rendered judgment accordingly. The plaintiff then moved for a new trial upon a statement of the case, and his motion being denied, appealed from the judgment and order.

The principal contention in support of the appeal is that the finding that Brock, in making the purchase from Timms, was not acting as the agent of plaintiff, was not justified by the evidence. It is admitted, however, that there was evidence directly tending to support this finding and all the other findings, but objected that it was not credible, and therefore ought not to have been believed and acted upon, in view of the stronger and more credible contradictory evidence introduced by the plaintiff. It is a sufficient answer to this contention to say that there appears to have been a substantial conflict in the evidence, and therefore, under the well-settled rule in such cases, the judgment cannot be disturbed on this ground. It is further contended that the court erred in one of its rulings upon the admission of evidence. One George Kerckhoff was called as a witness in rebuttal by plaintiff. He testified that, some days after the bargain with Timms, ''Mr. Brock told me that he made a payment of one hundred dollars to bind the sale of the Timms property, and he asked me and another gentleman, a friend of mine, if we wanted to take part in it. The next morning we had a meeting at Mr. Tuffree's room in the Nadeau House, and then we heard that Mr. Brock made a claim for the property, and Mr. Tuffree made a claim for the property, and I didn't like the aspect of affairs, and we gave it up. We retired. Mr. Brock made a claim for the property for himself alone. . . . . Question. I understand you to say that both Brock and Tuffree claimed the property; was that what you said? Answer. No. Peck claimed it for himself alone. Q. Then you say that Tuffree claimed it? A. No. Tuffree claimed the property, but he had not done so before. He claimed the property afterward—after we saw him. Q. What did you go to see Mr. Tuffree for?'' This last question was objected to by defendants, and counsel for plaintiff then stated: ''We anticipate showing by the answers to the question that the parties went there for the purpose of acquiring an interest from Mr. Tuffree, and in pursuance of the assumption upon their part that Mr. Tuffree did have an in-

terest in the matter.'' The court sustained the objection, and the plaintiff excepted. We are unable to see any error in this ruling. If the witness had testified as counsel anticipated he would, the plaintiff's case would in no way have been strengthened or the defendants' weakened. The anticipated testimony was therefore wholly irrelevant and immaterial. No other points being made for a reversal, we advise that the judgment and order be affirmed.

We concur: Haynes, C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.